UNITED STATES v. DE LUZE et al.

(Circuit Court of Appeals, Second Circuit. November 15, 1898.)

No. 18.

CUSTOMS DUTIES—CLASSIFICATION—GLASS BOTTLES.

Bottles coming within the provisions of paragraph 88 of the tariff act of 1894 are subject to separate duty thereunder, though imported filled with champagne, dutiable at a fixed rate per dozen, under paragraph 243.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon an appeal from a decision of the circuit court, Southern district of New York (84 Fed. 156), reversing a decision of the board of general appraisers, which affirmed a ruling of the collector of the port of New York touching the rate of duty upon certain bottles containing champagne, imported in March, 1895.

James T. Van Rensselaer, for the United States.

W. Wickham Smith, for appellee.

Before WALLACE and LACOMBE, Circuit Judges.

PER CURIAM. The tariff act of 1894 contained the following provision as to duty on glass bottles:

"Par. 88. Green and colored, molded or pressed and flint or lime glass bottles, holding more than one pint, and demijohns and carboys, covered or uncovered, whether filled or unfilled, and whether their contents be dutiable or free, and other molded or pressed, green and colored and flint or lime bottle glassware not specially provided for in this act, three-fourths of one cent per pound," etc.

Counsel for the importers concedes that the bottles in controversy, which came here filled with dutiable champagne, are within the provisions of this paragraph, and liable to pay a duty of three-fourths of one cent per pound, unless they are specially provided for elsewhere in the tariff act of 1894. It is further contended that such special provision is to be found in paragraph 243, which reads:

"243. Champagne, and all other sparkling wines in bottles, containing each not more than one quart, and more than one pint, eight dollars per dozen," etc.

Conceding that the last-quoted paragraph is not entirely free from ambiguity, and that when congress therein provided for a duty of "eight dollars per dozen on champagne in bottles," the phrase might, without violence to its language, be interpreted either as including or as excluding the bottles, any such ambiguity seems entirely relieved by the language of the next succeeding paragraph, 244, in the same act. Congress therein imposes a duty upon "still wines * * * in bottles, * * * per case of one dozen bottles, * * * containing each not more than one quart," and adds the proviso, "but no separate or additional duty shall be assessed on the bottles." Undoubtedly, therefore, congress assumed that, unless it thus expressly exempted the bottles, its imposition of a duty on wines in bottles per case of one dozen bottles would leave the bottles subject to the provision for duty on filled bottles contained in paragraph 88 of the same act. When, therefore, in the preceding section, congress in substantially similar language lays a duty of eight dollars per dozen on champagne and other sparkling wines in bottles, without exempting the bottles, it is a fair conclusion that it had no intention to exempt them from the operation of paragraph 88.